## Jacob Kaminsky, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 23,280. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed December 3, 1917. Rehearing denied December 17, 1917.

### Statement of the Case.

Action by Jacob Kaminsky, plaintiff, against Chicago Railways Company, defendant, to recover for personal injuries received while in defendant's employ. From a verdict and judgment for plaintiff for $15,000, defendant appeals.

ROBERT J. SLATER and CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

FRANCIS X. BUSCH, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 706*—*when negligence of master is question for jury.* In an action by a servant against a street railway company to recover for personal injuries alleged to have been caused through defendant's negligence, the question of such negligence *held,* under the circumstances shown by the evidence, to be for the jury.

2. MASTER AND SERVANT, § 149*—*what is duty of street railway company to protect yard employees.* It is the duty of a street railway company employing men about its yards to use every reasonable precaution to protect them from the cars.

3. MASTER AND SERVANT, § 695*—*what evidence tends to show*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*negligence in injuring person employed at night in street railway company yards.* In an action to recover for personal injuries received while employed at night in a street car yard, evidence that the light in the yard was poor, the cars not lighted and that no warning was given of the approach of the cars causing the injury, though it was customary in the yard to give such warning, tends to show negligence on the part of defendant.

4. MASTER AND SERVANT, § 759*—*when contributory negligence of street railway company yard employee is question for jury.* In an action by a servant to recover for personal injuries, where the evidence is conflicting as to whether the plaintiff was negligent in passing between standing cars to carry out his employer's orders, his negligence is a question for the jury.

5. MASTER AND SERVANT, § 432*—*what degree of care required of servant.* A servant is called upon to exercise a degree of care commensurate with the character of the work he is performing and the environment in which he is placed.

6. MASTER AND SERVANT, § 759*—*when custom as to passing between cars makes contributory negligence of street railway company yard employee question for jury.* In an action by one employed in a car yard to recover for personal injuries received in passing between cars to do his work, where the evidence shows that a custom existed in the yard which permitted the men in doing their work to cross between the cars, it cannot be said, as a matter of law, that plaintiff was guilty of contributory negligence in doing so.

7. MASTER AND SERVANT, § 432*—*what care servant required to exercise.* A servant is required to exercise the care that a reasonably prudent person would exercise under the surrounding circumstances.

8. MASTER AND SERVANT, § 751*—*when exercise of proper degree of care by servant is question for jury.* In an action by a servant to recover for personal injuries, where the evidence is conflicting as to whether he exercised the proper degree of care, the question of his negligence is for the jury.

9. MASTER AND SERVANT, § 224*—*what is question to be determined where defendant claims injuries are due to negligence of fellow-servant.* In an action by a servant to recover for personal injuries, where defendant claims that such injuries were caused by the negligence of a fellow-servant, the question to be determined is whether plaintiff and such other employee, in the performance of their duties were brought into such association as that each might have exercised an influence upon the other, promotive of proper caution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

10. MASTER AND SERVANT, § 266*—*who are not fellow-servants.* A car cleaner and a car repairer who are employed in the yards of a street railway company, *held* not to be fellow-servants as a matter of law.

11. MASTER AND SERVANT, § 266*—*when employee upon whom is imposed duty of warning of approach of cars is vice principal.* Where an employer has established a custom of giving warning of the approach of cars to such an extent that a servant is authorized to rely thereupon, the continual performance of the duty imposed thereby cannot be delegated, and an employee upon whom the duty of giving the warning has been imposed occupied the relation of vice principal in regard thereto.

12. INSTRUCTIONS, § 151*—*when instruction properly refused.* It is not error to refuse to give an instruction though it contains correct statements of law where such statements are covered in other instructions and the instruction refused also contains erroneous statements.

13. DAMAGES, § 125*—*when verdict in personal injury action is not excessive.* A verdict for $15,000 is not excessive where plaintiff received severe crushing injuries to his right leg, necessitating its amputation 2 or 3 inches below the kneecap, causing much pain and being of such a character that he cannot use an artificial limb for any considerable length of time, and where before the injury he was earning $14 a week, whereas after the accident his earnings have been from 40 to 60 cents a day.